J. WILLIS GARDNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92115. Promulgated March 29, 1940.

*Robert Ash, Esq.,* for the petitioner.
*A. B. Peterson, Esq.,* for the respondent.

680

684

OPINION.

BLACK: Inasmuch as the Board has recently held that the trust is not the donee of gifts, but that the beneficiaries of the trust are the donees, see *Wilton Rubinstein*, 41 B. T. A. 220, we have omitted any findings of fact as to whether the trust indenture dated May 4, 1926, created one trust or ten trusts. A finding of fact as to this matter is immaterial and therefore, unnecessary. Much of the discussion in petitioner's brief and in respondent's brief is devoted to this question, but in view of our decision in the *Rubinstein* case, it is unnecessary to discuss it further.

Petitioner's assignments of error (a) and (d) involve the same issue and will be treated together. Assignment of error (a) involves transfers made to a trust for the benefit of ten of petitioner's grandchildren in 1933 and assignment of error (d) involves transfers made to the same trust in 1936 for the benefit of eight of petitioner's grandchildren.

For the respective taxable years petitioner claimed an exclusion of $5,000 for each grandchild to whom a gift was made, under section 504 (b) of the Revenue Act of 1932. Respondent disallowed any

exclusions on the ground that under the terms of the trust indenture petitioner's grandchildren did not have the immediate right to the unrestricted use, possession, or enjoyment of the income and/or principal of the trust estate. Under such circumstances, the Commissioner said in his deficiency notice: "The gifts therefore, are considered to be gifts of future interests against which no exclusions are allowable."

The case of *Charles W. Deeds*, 37 B. T. A. 293, involved facts which it seems to us are not distinguishable from those in the instant case. In that case we held that, although the donees did not have the immediate right to the unrestricted use, possession, or enjoyment of the property, the gifts were nevertheless gifts of a present interest in property rather than of future interests and that the taxpayer should be sustained in his contention.

To the same effect, on facts which though not identical with the facts we have here are somewhat similar, is our decision in *Thomas E. Wells*, 34 B. T. A. 315; aff'd., 88 Fed. (2d) 339; and *Edwin Goodman*, 41 B. T. A. 472, as to fund "C" and fund "D" involved in that proceeding. On the strength of these authorities, we decide issues (a) and (d) in favor of petitioner.

We next consider assignments of error (b) and (c). These assignments involve the issue of whether or not transfers to a trust for the benefit of Gifford V. Leece were in part gifts of future interests in property. We think the action of the Commissioner in determining that the exclusions allowed with respect to the property placed in trust for the benefit of this individual are limited to the present value of his right to receive income therefrom for 25 years must be sustained. Under the terms of the trust, the income from the property was to be paid to Leece either for life or the term of 25 years, whichever was the shorter. Then if he were living at the end of 25 years the remainder interest in the property held by the trustees, together with all undistributed net income therefrom, should be transferred and conveyed, free of trust, to said Gifford V. Leece. Thus it seems a completed gift of the remainder interest in the trust corpus was to be made to Gifford V. Leece only in case he was living 25 years from the date of the trust. This we hold to be a gift of a "future interest" in property under section 504 (b) of the Revenue Act of 1932. On this point we think the Commissioner must be sustained, under authority of *Edith Pulitzer Moore*, 40 B. T. A. 1019.

*Decision will be entered under Rule 50.*